UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID THOMAS,

    Plaintiff,

v.                          Case No. 8:11-cv-673-T-33AEP

BIG LOTS STORES, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Remand (Doc. # 7) and Motion for Leave to Amend the Complaint, Change the Case Style and File the Amended Complaint (Doc. # 8), both filed on April 11, 2011. On April 25, 2011, Defendant Big Lots Stores filed a response in opposition to the Motions. (Doc. # 9). For the reasons that follow, the Motions are denied.

**I. Background and Procedural History**

This lawsuit involves an alleged slip-and-fall incident that occurred on or about June 10, 2010, at Big Lots Store Number 00522 in New Port Richey, Florida. Plaintiff David Thomas filed suit in state court on June 30, 2010 (Doc. # 2). Thomas seeks damages against Big Lots for, among other things, failure to properly maintain, inspect or repair the premises or have proper procedures for same, failure to adequately warn

of risks, failure to take additional safety measures, and failure to adequately train, supervise, advise and/or control its employees. (Id. at ¶ 11). Big Lots filed its Answer and Affirmative Defenses in state court on November 17, 2010. (Doc. # 3). On January 28, 2011, Big Lots served Defendant's Answers to the Plaintiff's First Set of Interrogatories, identifying Karen Brooks as store manager at the time of the alleged incident. (Doc. # 7 at ¶ 3).

On March 30, 2011, Big Lots removed the case to this Court based upon diversity jurisdiction, 28 U.S.C. § 1332, because Big Lots has its principal place of business in Ohio and Thomas is a citizen of Florida. (Doc. # 1). Big Lots asserts that it filed the Notice of Removal within thirty days of receipt of corroboration that the amount in controversy in this case exceeds $75,000. (Id. at ¶ 2, Exh. B). Thomas filed motions for leave to amend the complaint and for remand on April 11, 2011. (Doc. ## 7-8).

Thomas seeks leave to amend the Complaint to join Brooks as a party to this lawsuit. (Doc. # 8 at 2). Because Brooks is a Florida citizen, Thomas also seeks to remand the case to state court for lack of diversity. (Doc. # 7 at 3). Big Lots contends that Thomas should not be permitted to join Brooks

because the joinder is solely an attempt to defeat diversity jurisdiction. (Doc. # 9 at 2).

The parties have not timely filed a Case Management Report in this matter. On June 27, 2011, the Court entered an Order directing Thomas to Show Cause by July 11, 2011, why this action should not be dismissed for lack of prosecution pursuant to Local Rule 3.10. (Doc. # 10). Thomas has not responded to the Order. On July 18, 2011, Big Lots filed a response to the Order stating that Thomas has not responded to its requests to schedule a Case Management Conference. (Doc. # 11).

## II. Legal Standard

Joinder of a non-diverse defendant after a case has been removed is governed by 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When considering such a motion, the court should scrutinize it more closely than a typical motion for leave to amend. Houser v. Medtronic USA, Inc., No. 6:06-cv-597-Orl-19DAB, 2006 WL 2054323 at *2 (M.D. Fla. July 21, 2006) (citations omitted).

"A defendant's 'right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy.'" Allen v. Monsanto Co., 2009 WL 426546, at *2 (N.D. Fla. 2009) (quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "Joinder may be deemed fraudulent when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant." Id. (citation omitted).

"A defendant alleging fraudulent joinder has the burden of proving the alleged fraud." Accordino v. Wal-Mart Stores E., LP, No. 3:05-cv-761-J-32MCR, 2005 WL 3336503 at *2 (M.D. Fla. Dec. 8, 2005) (citation omitted). That burden is a heavy one. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). The Court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in the plaintiff's favor." Id. The fact that the plaintiff may not ultimately prevail against the resident defendant does not mean that the resident defendant has been fraudulently joined; only a colorable claim against the resident defendant is needed. Id.

At the same time, when a plaintiff seeks joinder that will destroy diversity, the court must balance the defendant's interests in the federal forum with the competing interest in

4

avoiding parallel state and federal litigation. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The Court must consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. This analysis begins in favor of the defendant, because the removal statutes are designed to give diverse defendants the option of a federal forum. Burr v. Philip Morris, USA, No. 8:07-cv-1429-T-23MSS, 2008 WL 2229689 at *1 (M.D. Fla. May 28, 2008).

**III. Analysis**

Thomas alleges that Brooks, in the course and scope of her employment, negligently maintained the area where Thomas fell, resulting in Thomas's injury. (Doc. # 8 at ¶ 19). Furthermore, Thomas asserts that Brooks knew or should have known of the dangerous condition. (Id. at ¶ 20). Therefore, Thomas contends that Brooks is a proper party to this lawsuit. Big Lots counters that Thomas has asserted no cognizable cause of action against her. (Doc. # 9 at 2).

An officer or agent of a business may be held personally liable for a plaintiff's injuries only if he is actively

negligent, not "simply because of his general administrative responsibility for performance of some function of his employment." Pritchard v. Wal-Mart Stores, Inc., No. 8:09-cv-T-24TGW, 2009 WL 580425 at *2 (M.D. Fla. Mar. 5, 2009) (citing White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). In order to establish liability under Florida law, a plaintiff "must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." White, 918 So. 2d at 358 (citing McElveen v. Peeler, 544 So. 2d 270, 272 (Fla. 1st DCA 1989)).

White involved a slip-and-fall incident in which the plaintiffs alleged that the store manager's negligent failure to carry out his responsibilities resulted in their injuries. Id. The trial court dismissed the plaintiffs' claim against the store manager and the appellate court reversed, finding that the claim was sufficient to survive a motion to dismiss. Id. Although White did not involve fraudulent joinder, similar reasoning applies in this case.

Thomas alleges that Brooks negligently maintained the aisle ways, and knew or should have known of a dangerous condition. (Doc. #8 at ¶¶ 19-20). Big Lots asserts that Thomas cannot show that Brooks committed or participated in the tort.

6

(Doc. # 9 at 2). However, Big Lots has produced no evidence controverting these allegations. See Pritchard, 2009 WL 580425 at *3 (noting that a plaintiff must provide evidence supporting the claim if the allegations have been controverted by a sworn declaration).

Big Lots further argues that Thomas has not alleged that Brooks owed a duty to Thomas and that the duty was breached. Under general principles of premises liability, however, officers or agents present and in control of the premises in the course of their employment have a duty to exercise ordinary care to prevent injury. See McElveen, 544 So. 2d at 271-273. Evaluating the allegations in the light most favorable to Thomas, the Court finds that Thomas has stated a cognizable claim against Brooks.

Given the timing of Thomas's Motions, however, the Court must consider whether the purpose of amendment is to defeat federal jurisdiction. Big Lots points out that Thomas learned on January 18, 2011, that Brooks was the store manager but did not file his Motions until April 11, 2011. (Doc. # 9 at 2). In other words, Thomas knew Brooks's identity for eight-two days before seeking joinder ten days after removal.

Applying the Hensgens factors to this case, the Court finds that the equities weigh in favor of Big Lots. First, the

7

circumstances strongly suggest that the amendment is designed to defeat diversity. See Antoine v. State Farm Mut. Auto. Ins. Co., No. 3:08-cv-787-J-12TEM, 2009 WL 129224 (M.D. Fla. Jan. 15, 2009); Duckworth v. State Farm Mut. Auto. Ins. Co., No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380 (M.D. Fla. Feb. 20, 2008); Vazquez v. Lowe's Home Ctrs., Inc., No. 8:06-cv-1885 T-27TBM, 2007 WL 128823 (M.D. Fla. Jan. 12, 2007). When "a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." Mehta v. N.Y. Life Ins. Co., No. 8:09-cv-59-T-33TGW, 2009 WL 2252270 at *3 (M.D. Fla. July 28, 2009) (internal quotation and citation omitted). The Court notes here that Thomas has not responded to the Court's Order to Show Cause why no Case Management Report has been filed as required by Local Rule 3.05.

Thomas did not delay in moving to amend the complaint after notice of removal. However, there appears to be no valid reason why Thomas did not amend the Complaint immediately after learning Brooks's identity. Furthermore, it does not appear that Thomas would be significantly prejudiced if joinder is not allowed. Thomas has not claimed that Brooks is

an indispensable party. Furthermore, his original Complaint named only Big Lots and did not assert claims against the as-yet-unidentified store manager. Thomas is free to pursue claims against Brooks in state court. The Court can find no other equities favoring joinder.

Based upon the foregoing analysis, the Court finds that the Hensgens factors and the equities weigh against joinder. The Court will thus exercise its discretion to deny joinder in this case. The Court denies Thomas's Motion for Leave to Amend the Complaint and, consequently, his Motion for Remand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Thomas's Motion for Leave to Amend the Complaint, Change the Case Style and File the Amended Complaint (Doc. # 8) is **DENIED.**

(2) Thomas's Motion for Remand (Doc. # 7) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record